UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-62526-CIV-ZLOCH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        **O R D E R**

LORI M. MCGUIRE,

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff's Motion For Attorney's Fees And Costs Pursuant To Local Rule 7.3 (DE 10).  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    Default Final Judgment (DE 9) was entered against Defendant Lori M. McGuire, and the United States now moves for attorney's fees as the prevailing party under 28 U.S.C. § 2412.  Additionally, the United States moves for $45.00 in service of process fees, pursuant to 28 U.S.C. § 1920.  When a party moves to recover fees, the courts have a duty to make sure that such an award is reasonable.  See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  The determination of the exact amount of fees to award is vested in the sound discretion of the Court.  The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients

and encourage litigation over disputes that otherwise might not reach the courts." 10 Charles Alan Wright et al., Federal Practice and Procedure § 2675.1 (3d ed. 2018).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Once the hourly rate is set, the Court must determine the reasonable number of hours expended by the attorney in the successful prosecution of the case. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on

the litigation rests on the applicant.  See id. at 428.  The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded.  Id.  "When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut."  Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

The United States moves for $980.00 in attorney's fees for the work of its counsel, Stephen M. Davis, Esq.  The Court has carefully scrutinized the Declaration Of Attorney's Fees (DE 10-1) setting forth the work performed by Mr. Davis.  The Court finds that an hourly rate of $200.00 is reasonable but that 4.9 hours of work expended is not reasonable.  The Court finds 3.5 hours of work expended for the successful prosecution of the above-styled cause to be reasonable.  Therefore, Plaintiff will be awarded $700.00 ($200 x 3.5) in fees.  Additionally, the Court finds that pursuant to 28 U.S.C. 1920(1), the United States may tax as costs the service of process fees.  Therefore, the United States will additionally be awarded $45.00 in costs, for a total of $745.00 in attorney's fees and costs.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion For Attorney's Fees And Costs Pursuant To Local Rule 7.3 (DE 10) be and the same is hereby **GRANTED;** and

2. The United States of America does have and recover from Defendant Lori M. McGuire, the sum of $745.00 in attorney's fees and costs, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of November, 2018.

WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

All Counsel of Record

Lori M. McGuire PRO SE
812 Ocean Blvd.
Apt. 303
Pompano Beach, FL 33062